Case 4:22-cv-02896   Document 29   Filed on 07/24/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REGINALD BROWDER,<br><br>    Plaintiff,<br><br>v.<br><br>H-E-B, LP,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. H-22-2896<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Reginald Browder sued the Texas-based grocery chain, H-E-B, alleging that he was discriminated against and physically injured while attempting to fill his car with gas at an H-E-B gas station in College Station, Texas. The court referred this case to United States Magistrate Judge Sam S. Sheldon for report and recommendation under 28 U.S.C. § 636(b)(1). (Docket Entry No. 13).

Judge Sheldon issued his report and recommendation on May 5, 2023, (Docket Entry No. 26), recommending that the court: (1) grant H-E-B's second motion to dismiss, (Docket Entry No. 24); (2) grant Browder's second motion for leave to amend, (Docket Entry No. 21); (3) deny as moot H-E-B's first motion to dismiss, (Docket Entry No. 9); (4) deny as moot Browder's motion for entry of default, (Docket Entry No. 10); (5) deny as moot Browder's motion to strike H-E-B's answer, (Docket Entry No. 14); and (6) deny as moot Browder's first motion for leave to amend, (Docket Entry No. 15).

The proposed ruling in the report and recommendation explains that Browder has failed to assert a claim under Title II of the Civil Rights Act because he seeks only monetary relief, and Title II provides only injunctive relief. (Docket Entry No. 26 at 4); *see Arguello v. Conoco, Inc.*,

207 F.3d 803, 809 (5th Cir. 2000). Browder also fails to state a claim under Title II because his allegations are conclusory. (Docket Entry No. 26 at 5). Without a viable federal claim, the case must be dismissed for lack of subject matter jurisdiction. (Docket Entry No. 26 at 6); *see Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

Judge Sheldon recommended granting Browder's motion for leave to amend, which was proper given Browder's pro se status. (Docket Entry No. 26 at 6–7). Despite this favorable ruling, Browder filed an objection to the report and recommendation on May 19, 2023. (Docket Entry No. 28). When an objection to a report or recommendation is made, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Browder's objection states the following:

> Plaintiff has made several errors but still has a cause of action in the form of personal injury and other State Violations. Plaintiff asks this court to not Dismiss with Prejudice. Plaintiff prays that if this court decides to dismiss this case, then Plaintiff asks that it be Dismissed Without Prejudice, so that the Plaintiff can seek Relief for the Personal Injury and other possible State Violations in the proper Court.

(Docket Entry No. 28). Browder's objection appears to misunderstand the report and recommendation. Judge Sheldon did not recommend dismissal with prejudice. Instead, Judge Sheldon's recommendation is to dismiss without prejudice and allowing Browder an opportunity to amend his complaint. If Browder amends and still fails to state a basis for federal jurisdiction, he may seek relief in state court on his state claims.

The report and recommendation is adopted in full. The second motion to dismiss, (Docket Entry No. 24), and the second motion for leave to amend, (Docket Entry No. 21), are granted. Any

amendment must be filed no later than September 21, 2023.  Failure to do so timely and adequately will lead to dismissal.

If Browder's amended complaint contains only state law claims and fails to state a claim under federal law, then the court will have to dismiss the case for lack of subject matter jurisdiction. Browder (a Texas citizen) cannot sue H-E-B (a Texas entity) raising only claims of Texas state law in federal court.  And "when the single federal-law claim is eliminated at an 'early stage' of the litigation, the district court has 'a powerful reason to choose not to continue to exercise jurisdiction.' Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley*, 972 F.2d at 585 (quoting reference omitted).

No later than September 21, 2023, Browder must file an amended complaint stating a claim under federal law.

SIGNED on July 24, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge